W. FLETCHER and CHRISTEN, Circuit Judges, concurring in the denial of the petition for rehearing en banc: Our opinion largely speaks for itself. We held under Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985), that the City of Berkeley may compel “purely factual and uncontroversial” speech by a retailer at the point of sale. Our dissenting colleague would read Zauderer narrowly to permit compelled commercial speech only when it prevents consumer deception. Four of our sister circuits have read Zauderer broadly to permit compelled commercial speech when it conveys purely factual and uncontroversial information, even in the absence of consumer deception. See Nat'l Ass’n of Mfrs.v. SEC, 800 F.3d 518, 522 (D.C. Cir. 2015) (upholding compelled “point of sale disclosures”); Am. Meat Inst. v. U.S. Dep’t of Agric., 760 F.3d 18, 22 (D.C. Cir. 2014) (en banc); Pharm. Care Mgmt. Ass’n v. Rowe, 429 F.3d 294, 310 n.8 (1st Cir. 2005); Safelite Group v. Jepsen, 764 F.3d 258 (2d Cir. 2014) (declining to extend Zauderer to compelled speech describing the goods, or services of another company, but leaving intact earlier Second Circuit cases upholding compelled commercial speech about a company’s own goods or services); N.Y. State Rest. Ass’n v. N.Y. City Bd. of Health, 556 F.3d 114, 133 (2d Cir. 2009); Nat'l Elec, Mfrs. Ass’n v. Sorrell, 272 F.3d 104, 114 (2d Cir. 2001); Discount Tobacco City & Lottery, Inc. v. United States, 674 F.3d 509, 566 (6th Cir. 2012). We joined these circuits. See CTIA-The Wireless Ass’n v. City of Berkeley, 854 F.3d 1105 (9th Cir. 2017); see also Am. Beverage Ass’n v. City & Cty. of San Francisco, Nos. 16-16072 & 16-16073, 871 F.3d 884 (9th Cir. Sept. 19, 2017). Two of our sister circuits have sustained compelled commercial speech that prevented consumer deception. Because there was such deception, they did not need to reach the question whether “purely factual and uncontroversial” commercial speech may be compelled in the absence of deception. See Pub. Citizen, Inc. v. La. Attorney Disciplinary Bd., 632 F.3d 212 (5th Cir. 2011); 1-800-411-Pain Referral Serv. v. Otto, 744 F.3d 1045 (8th Cir. 2014). We do not know how, if the facts had presented the question, these circuits would have decided it. Our colleague would have us create a circuit split with the D.C., First, Second and Sixth Circuits. We decline to do so on two grounds. First, circuit splits are generally to be avoided. Second, and more important, we believe that our four sister circuits got it right.